UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE MACK POLLARD,

    Plaintiff,

v.                            Case No: 2:15-cv-79-FtM-29DNF

CITY OF Fort Myers POLICE DEPARTMENT, DOUGLAS BAKER, WOLFGANG DANIEL, JASON GREENE, WALTER MITCHELL, and ANDREW LAPE,

    Defendants.

_____

**OPINION AND ORDER**

Plaintiff Willie Mack Pollard ("Plaintiff") is a prisoner at the Martin Correctional Institution in Indiantown, Florida. Proceeding *pro se*, Plaintiff initiated this action against the Fort Myers Police Department, Douglas Baker, Daniel Wolfgang, Jason Greene, Walter Mitchell, and Andrew Lape by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed February 9, 2015).

Because Plaintiff seeks leave to proceed *in forma pauperis* (Doc. 2), the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Upon review of the complaint, the Court concludes that Plaintiff has failed to present an actionable claim and that dismissal of

this case is warranted. Plaintiff will be provided an opportunity to amend his complaint to state a claim.

## I. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. The section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A)  the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387

F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Dismissals under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). Under Rule 12(b)(6), a complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp v. Twombly, 550 U.S. 544 (2007) (retiring the "no set of facts" language previously used to describe the motion to dismiss standard and determining that because the plaintiffs had not nudged their "claims across the line from conceivable to plausible," their complaint must be dismissed for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Cottone v. Jenne, 326 F.3d 1352, 1357

(11th Cir. 2003); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

## II.  **Complaint**

At the time he initiated this lawsuit, Plaintiff was confined at the Martin Correctional Institution in Indiantown, Florida (Doc. 1 at 1).  His complaint names six defendants: Fort Myers Police Department, Douglas Baker, Daniel Wolfgang, Jason Greene, Walter Mitchell, and Andrew Lape.

Plaintiff asserts that on December 7, 2012, Defendant Baker authorized a special investigation group to use a confidential informant to purchase illegal drugs with the assistance of Defendants Greene and Mitchell (Doc. 1 at 5-6). On December 27, 2012, he was arrested by Defendants Andrew Lape[1] and Tony Brown of the Fort Myers Police Department (Doc. 1 at 5).  Plaintiff asserts that the arrest was the result of mistaken identity.

After the December 7, 2012 transaction, Defendant Wolfgang reviewed the recorded transaction and identified Plaintiff as the person involved in the illegal transaction (Doc. 1 at 6). Defendant Wolfgang's identification was submitted to the State Attorney's office, leading to Plaintiff's arrest. <u>Id.</u>

---

[1] Plaintiff inconsistently refers to Defendant Lape as "Andrew Lape" and "Lape Andrew."  He also inconsistently refers to Defendant Wolfgang as "Daniel Wolfgang" and "Wolfgang Daniel."  In order to avoid confusion, this Court will refer to these defendants as Defendant Lape and Defendant Wolfgang.

While Plaintiff was incarcerated, his attorney deposed the confidential informant who stated that he did not purchase drugs from Plaintiff (Doc. 1 at 6). His attorney also deposed Defendant Wolfgang who stated that he did not know the defendant – contrary to the statement made in Defendant Wolfgang's probable cause affidavit. Id. at 7.

Plaintiff seeks "compensatory & punitive damages in excess of five million dollars." (Doc. 1 at 8).

## III. Analysis

Taking the allegations of the complaint as true and construing them in the light most favorable to Plaintiff, they fail to state an actionable § 1983 claim against any named defendant.

### A. Plaintiff's claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e)

Plaintiff cannot obtain the relief he seeks. Plaintiff seeks "compensatory & punitive damages in excess of five million dollars" (Doc. 1 at 8). However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier v. Preslicka, 314 F. 3d 528, 532 (11th Cir. 2002)(citing

Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody – specifically, upon his arrest. See Napier, 314 F. 3d at 533 (holding that § 1997e(e) applies to prisoner lawsuits claiming injuries suffered during an arrest, because that is a custodial episode).[2] Plaintiff seeks damages for the mental injury he suffered as a result of the defendants' conduct. However, he alleges no physical injury. His complaint cannot be liberally construed to request nominal damages. Accordingly, the instant complaint must be dismissed.

The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003), does not save this complaint from dismissal. Id. at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek

---

[2] As in the instant complaint, the plaintiff in Napier claimed that he suffered injury from his mistaken arrest by law enforcement officers. The Eleventh Circuit held that "[t]he embarrassment or emotional harm occasioned by the mistaken arrest occurred, at the earliest, when Napier was arrested — or, using the Miranda construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim[.]" Id. at 533. Judge Barkett's dissent from denial of rehearing in banc makes clear that the effect of the decision is to bar this type of claim. Napier v. Preslicka, 331 F.3d 1189 (11th Cir. 2003).

nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests *only* compensatory and punitive damages. See Sears v. Rabion, 97 F. App'x 906 (11th Cir. 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

Should Plaintiff wish to proceed with this case, notwithstanding the limitation on recovery, he may file an amended complaint deleting his request for compensatory and punitive damages and requesting nominal damages of **one dollar**. Nix v. Carter, Case No. 5:10-cv-256 (CAR), 2013 WL 432566, at *2 (M.D. Ga. Feb. 1, 2013) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") (citing Hughes, 350 F.3d at 1162); Carey v. Piphus, 435 U.S. 247, 266-67 (1978) (if plaintiffs were entitled to nominal damages, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.").

**B. City of Fort Myers Police Department**

To the extent Plaintiff seeks to hold the Fort Myers Police Department liable because it supervised the officers who allegedly

falsely arrested him, his claim is subject to dismissal because *respondeat superior,* without more, does not provide a basis for recovery under § 1983. Polk County v. Dodson*,* 454 U.S. 312 (1981); Cottone v. Jenne*,* 326 F.3d 1352 (11th Cir. 2003); Harris v. Ostrout*,* 65 F.3d 912, 917 (11th Cir. 1995). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." Monell v. Dep't of Soc. Servs.*,* 436 U.S. 658, 694 n. 58 (1978).  Supervisory liability occurs either when "the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford*,* 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).  The court in Brown set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim.  The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Id. (citations omitted).  In the instant case, Plaintiff's complaint fails to provide any factual basis for holding the Fort

Myers Police Department liable for the alleged deprivation of Plaintiff's constitutional rights. Plaintiff's *respondeat superior* claim against this defendant shall be dismissed.

**C.  Defendants Baker, Wolfgang, Greene, Mitchell, and Lape**

A false arrest claim under § 1983 is substantially the same as a claim for false arrest under Florida law. A plaintiff must prove three elements to sustain a claim for false arrest under Florida law: (1) an unlawful detention and derivation of liberty against the plaintiff's will; (2) an unreasonable detention which is not warranted by the circumstances; and (3) an intentional detention. Tracton v. City of Miami Beach, 616 So.2d 457 (Fla. 3d DCA 1992). Probable cause may be raised as an affirmative defense to a claim for false arrest; that is, an arrest of a criminal suspect by an officer acting with probable cause is a privileged detention. Id. (citing Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982)). Probable cause exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense. Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003).

Plaintiff asserts that Defendant Wolfgang made inconsistent statements regarding Plaintiff's identity, leading to his arrest and that "these acts on behalf of Detective Wolfgang are

malfeasance as well as mendacious." (Doc. 1 at 7). Plaintiff makes no allegation against anyone, other than Defendant Wolfgang, demonstrating constitutional liability. Accordingly, the claims against Defendants Baker, Greene, Mitchell, and Lape are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Court also takes judicial notice that Plaintiff is currently incarcerated by the Florida Department of Corrections for a drug offense that occurred on December 12, 2012. See http://www.dc.state.fl.us/activeinmates/search.asp . Accordingly, Plaintiff has not demonstrated how his detention on December 27, 2012 was "unreasonable" and not warranted by the circumstances, even if, as Plaintiff alleges, one of the charges against him was ultimately dropped. <u>Tracton</u>, 616 So.2d at 457. Accordingly, the claim against Defendant Wolfgang is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.   Plaintiff must file an amended complaint should he wish to proceed with this action**

If Plaintiff is able to state a claim against any defendant that comports with the strictures set forth in this Order, he may amend his complaint to seek nominal damages against such defendant.

In amending, Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the

appropriate sections of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations. Plaintiff must include the dates of any unconstitutional conduct that occurred.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-7 (11th Cir. 1984); <u>Baskin v. Parker</u>, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. <u>Sims v. Adams</u>, 537 F.2d 829 (5th Cir. 1976). A defendant cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in

such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

In addition, Plaintiff should be aware that 42 U.S.C. § 1997e(a) and (e) contain several conditions that a prisoner must satisfy before pursuing a civil rights complaint. Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions. Subsection (e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody. Plaintiff must comply with the requirements of these subsections.

Plaintiff should also be aware that a municipality or county is not a "person" answerable to Plaintiff in an action at law or a suit in equity under 42 U.S.C. § 1983, unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987). Likewise, private citizens are not liable under 28 U.S.C. § 1983 for constitutional violations.

**IV. Conclusion**

Because Plaintiff has failed to state a claim against any defendant, his complaint is subject to dismissal pursuant to 28

U.S.C. § 1915(e)(2)(b)(ii). Plaintiff may file an amended complaint should he wish to proceed with this action.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's claims for compensatory and punitive damages are dismissed under 42 U.S.C. § 1997e(e).

2. Plaintiff's claims against Defendants Fort Myers Police Department, Douglas Baker, Daniel Wolfgang, Jason Greene, Walter Mitchell, and Andrew Lape are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff may file an amended complaint within **TWENTY-ONE (21) DAYS** from the date on this Order. If Plaintiff does not file an amended complaint within this time period, the complaint will be dismissed without prejudice and the case will be closed.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___27th___ day of February, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record
Encl: Civil Rights Complaint Form

- 13 -